IN THE MATTER OF J.A.G.
No. COA09-462.
Court of Appeals of North Carolina.
Filed: February 2, 2010.
This case not for publication
Richard Croutharmel for appellant-juvenile.
Attorney General Roy Cooper, by Assistant Attorney General Barbara A. Shaw and Assistant Attorney General LaToya B. Powell, for the State.
ELMORE, Judge.
On 15 August 2008, juvenile J.A.G. took and used without permission a golf cart that was the personal property of an apartment complex in Carrboro. On 12 September 2008, the Orange County Department of Juvenile Justice and Delinquency Prevention (DJJDP) filed juvenile delinquency petitions alleging that J.A.G. had committed the acts of felony larceny, misdemeanor injury to personal property, and misdemeanor resist, delay, and obstruct an officer.
On 15 October 2008, J.A.G. moved to dismiss the juvenile petitions, arguing that the district court lacked subject matter jurisdiction over the petitions because the juvenile court counselor had missed the fifteen-day deadline for filing the petitions. The district court granted J.A.G.'s motion. However, apparently at the DJJDP's behest, the sheriff's office submitted a new complaint on 30 October 2008, alleging that J.A.G. had committed the same criminal acts on 15 August 2008 as the original complaint. This time, the juvenile court counselor filed the petition the next day, on 31 October 2008. J.A.G. again moved to dismiss based on a lack of subject matter jurisdiction. However, the trial court denied the motion, explaining that it was proper for the State to "come back again after a dismissal and do it right[.]" J.A.G. countered that allowing the State to ask complainants for new complaints after the statutory deadline on the original complaint had passed would "render that statute meaningless because anybody could just . . . miss the window and refile it." The following colloquy ensued:
THE COURT: That point is well taken, but it seems to me that there might be certain kinds of cases that had larger, longer time, more unsatisfactory time, untenable time between when they would get something and act on it. What I'm trying to say is there might be some cases that when it's dismissed it really is gone because of time's passage. In this case, it seems to me it was a rather narrow window in the first place. In other words, how many  I don't remember the first time 
[J.A.G.'s COUNSEL]: Well, there's a statutory window for everything no matter what the  THE COURT: Yes, sir, but the facts of this case were that they missed the deadline by how many days? Do you remember?
[J.A.G.'s COUNSEL]: Several.
THE COURT: Within a week. My point is not months or  I think in some areas it's  that's been known to happen. In any event, this is an interesting question of law, and so let's see about that; but, I'm  I'm not willing to allow your motion to dismiss when my perception is the State did what  did the right thing in coming back to do it right.
J.A.G. first argues that the trial court did not have subject matter jurisdiction to adjudicate him delinquent and subsequently to enter a disposition order. He argues that, pursuant to N.C. Gen. Stat. § 7B-1703, the juvenile court counselor had only fifteen days to from the time she received the initial complaints to file the juvenile delinquency petition. We agree. Section 7B-1703 states, in relevant part, the following:
(a) The juvenile court counselor shall complete evaluation of a complaint within 15 days of receipt of the complaint, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall decide within this time period whether a complaint shall be filed as a juvenile petition.
(b) Except as provided in G.S. 7B-1706, if the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall assist the complainant when necessary with the preparation and filing of the petition, shall include on it the date and the words "Approved for Filing", shall sign it, and shall transmit it to the clerk of superior court.
N.C. Gen. Stat. § 7B-1703(a)(b) (2007).
This Court interpreted these provisions in a recent published opinion, In re D.S., which has been accepted for review by our Supreme Court. ___ N.C. ___, 682 S.E.2d 709, review granted by In re D.S., 363 N.C. 581, ___ S.E.2d ___ (2009). In D.S., the court counselor received a complaint that, on 21 September 2007, the juvenile had committed simple assault and sexual battery on a schoolmate. Id. at ___, 682 S.E.2d at 711. On 25 September 2007, the court counselor received a complaint alleging simple assault; he filed a petition charging simple assault on 10 October 2007, within fifteen days of her receipt of the complaint. Id. However, on 15 November 2007, the court counselor received the complaint alleging sexual battery; he filed a petition charging sexual battery on 16 November 2007. Id. We explained that the trial court did not have subject matter jurisdiction over the second petition because it was filed more than fifty days after "the court counselor received all of the information regarding the allegations against Juvenile on 25 September 2007" and the court counselor "failed to act swiftly when he filed the second petition over 50 days later." Id.; see N.C. Gen. Stat. § 7B-1500(2) (2007) (explaining that one of the purposes of the juvenile code is to "deter delinquency and crime . . . [b]y providing swift, effective dispositions") (emphasis added). Thus, the time limit for filing a juvenile petition begins to count down from the time that the court counselor "received all of the information regarding the allegations against [the j]uvenile." Id. The D.S. panel clearly did not consider the time elapsed between the court counselor's receipt of the complaint and the filing of the petition to be dispositive, while the time elapsed between the court counselor's actual knowledge and the filing of the petition was.
Accordingly, we hold that the trial court lacked subject matter jurisdiction to adjudicate J.A.G. delinquent and to enter a disposition order. For the reasons stated above, we vacate the adjudication and disposition orders.[1]
Vacated.
Judge HUNTER, Jr., concurs.
Judge STEELMAN concurs in result by separate opinion.
Report per Rule 30(e).
STEELMAN, Judge, concurring in the result.
While I believe that the case of In re D.S., ___ N.C. App. ___, 682 S.E.2d 709, disc. review granted, 363 N.C. 581, 682 S.E.2d 208 (2009), was wrongly decided, we are nonetheless bound by its holding. In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). I therefore concur in the result.
NOTES
[1] J.A.G. also argues that the trial court violated his substantial rights and committed reversible error by failing to inform him of all of his rights under N.C. Gen. Stat. § 7B-2407(a) before accepting his admission to being delinquent. The State concedes that the trial court failed to fully comply with the requirements of section 7B-2407(a) before accepting J.A.G.'s admission and, thus, J.A.G.'s adjudication and disposition orders must be reversed. Because we have already vacated the orders on other grounds, we need not address this deficiency further.